# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:25-CR-204 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE: BENITA Y. PEARSON |
| -vs- | : | |
| | : | |
| JUAN JOHNNY COLON, | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Now comes Juan Johnny Colon by and through counsel, and presents the following Sentencing Memorandum for this Court's consideration at the time of sentencing. Mr. Colon requests a sentence that meets the goals of 18 U.S.C. §3553(a)(1-7). A brief memorandum follows which supports the requested sentencing range.

Respectfully submitted,

 /s/ Timothy J. Kucharski
Timothy J. Kucharski [0062226]
1200 W. 3rd Street
Suite #190
Cleveland, Ohio 44113
Ph. 216.623.6600 / 216.857.3001
Fax 216.574.9813
TimKuch@aol.com
Attorney for Juan Johnny Colon

1

**A.      Introduction**

Defendant Juan Colon presents the following information for this Court's consideration at sentencing. Mr. Colon requests this Court to consider his acceptance of responsibility for his actions, remorse for his conduct and evaluate his involvement in this case in the appropriate manner.  Mr. Colon suggests his adjusted Offense Level should be a Level 25 (excluding the three (3) level enhancement for an aggravating role under §3B1.1 of being a manager / leader).  The inclusion of the "Aggravating Role" increases the offense level to 28 after acceptance of responsibility.

**B.      Application of 18 U.S.C. § 3553(a)'s Sentencing Factors**

A sentencing court is to impose the *lowest* sentence to achieve the four statutory purposes of sentencing:  justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).  Juan Colon presents the following factors for the Court's consideration in determining his sentence.

**1.  *History and Characteristics of Juan Colon***

The defendant's family struggled while he was growing up.  His family had minimal financial resources and was dependent upon public assistance for their housing and food.  He and his family struggled finding food, keeping the lights and heat on and maintaining appropriate housing. (R. 412, ¶89).  When Mr. Colon was young, both of his parents were incarcerated (R. 412, ¶88).  As a result, Mr. Colon lived with his godmother (R. 412, ¶88).  His home life was tumultuous, uncertain and then at a very young age he lost his relationship with his father (R.412, ¶88).  Without a father figure or positive male role-model in his life it would be easy to predict Mr. Colon's future struggles in life.  Not only did Juan lose any relationship with his father, his mother was abusing drugs and alcohol which made her involvement in his life minimal at best (R.

412, ¶89, 94).   Because his parents were absent from his life, he had no one to protect him.  As a result, he was abused by his older siblings as well as others (R. 412, ¶89).  As Mr. Colon aptly said he became "a product of the environment" (R. 412, ¶89).  He certainly did.  Without guidance, care and love the streets become horrific role models and parents for Mr. Colon.

In eighth grade Mr. Colon stopped going to school (R. 412, 107).  Despite being 43 years old and not having his GED; he is working to obtaining his. (R. 412, ¶110).  He realizes that even though he is 43 years old it is still not too late to be a productive member of the community.  He has acquired the knowledge and skills to open his own construction company or at least work for a construction company if his body would cooperate and allow him to work manual labor (R. 412, ¶112).  However, that is unlikely due to his injuries.

Despite not have any role models growing up for how to be a parent he is committed to making sure his children do not follow in his footsteps. Unlike his own parents, Mr. Colon is involved in all of his children's lives, those that are still minors as well as his adult children (R. 412, ¶91).  He provides financial support for his minor children and is committed to paying any arrears he may have upon his release from prison. (R. 412, ¶91).

As mentioned above, Mr. Colon is not in the best shape physically.  He sustained a severe leg injury from being shot in the leg. (R. 412, ¶97).  In addition to his physical issues he suffers from significant mental health issues mainly focusing on anxiety. (R. 412, ¶100-102).  In fact, his anxiety was so debilitating at times he often slept outside of MetroHealth Hospital.  It no surprise he has mental health issues considering his upbringing.  Counsel will not get into the specifics in this memorandum but the Court can readily see from the PSR Mr. Colon suffers from various physical and mental health issues (R. 412, ¶97-98, 100-102).  It is the confluence of his physical ailments along with his mental health issues that has led him to this point in his life and why he

3

made the decisions he did that warranted his charges. While he is prescribed medication for most of his conditions the medication does not provide complete relief. Mr. Colon acknowledges he will need to continue his mental health treatment now and, in the future, (R. 412, ¶102). Mr. Colon agrees with the saying: "If nothing changes, nothing changes". Without treatment and counseling, nothing will change in Mr. Colon's life. He does not want to continue being involved in the criminal justice system as he is getting too old to continue walking into prison's revolving door. It is that desire to break the cycle he has created which he will rely on to change his life for the better (R. 412, ¶102).

### 2. *Nature of the Offense*

Mr. Colon was charged with violations of 18 U.S.C. §841(a)(1), (b)(1)(B) and 21 U.S.C. §846, 21 U.S.C. 841(a)(1), 21 U.S.C. §841(b)(1)(C), and 18 U.S.C. §2. Mr. Colon admitted his responsibility in this matter and acknowledged what he did was wrong. While this may sound shocking, Mr. Colon's inability to maintain lawful employment due to his physical and mental health issues being so significant is what caused him to think of alternative ways to earn money. Rather than seeking medical and mental health issues Mr. Colon unfortunately resorted to what he knew from his past: selling drugs. In hindsight, Mr. Colon believes his mental health attacks were what really prevented him from maintaining employment. He thought he might be able to deal with the physical pain but the mental illness was too overwhelming for him. During his detention, Mr. Colon has had time to reflect on his decisions and how his decisions negatively impacted others, the community as well as himself and how he must change.

Mr. Colon does not dispute he sold drugs to others. When people called and asked if he had anything to sell, he would and did. Neither before or after selling drugs to his "customers" did he ask what any of the "customers" did with the drugs he sold. Mr. Colon did not want to

4

know.  Mr. Colon believed he sold to end users only and not people who were re-selling.  However, he does not question that it was possible his customers re-sold to support their habits he simply never asked or tried to find out.  Due to not selling large quantities he thought he was selling to end-users.

### 3. *Need for Sentence Imposed to Reflect Seriousness of Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, Protect the Public from Further Crimes, and Provide Mr. Colon with Needed Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Juan Colon accepts responsibility for his actions, as evidenced by his supplemental admission to the conduct noted in the indictment and his statement of acceptance of responsibility. Mr. Colon understands that the sentence imposed by this Court shall reflect the personal circumstances of the defendant while addressing the goals of sentencing as set forth in 18 U.S.C. §3553(a).  However, he asks this Court to take into account his medical and mental health issues raised above, his background and how the interaction of everything contributed to his conduct.

He has taken his time at Mahoning County jail to reflect and determine how he wants to lead the start of the second half of his life.  He understands he needs to be punished for his conduct. He recognizes there are services and people in the community that provide help to individuals like him, so he does not need to break the law to support himself and his family.  He intends to take advantage of those agencies and services upon his release so that he can finally put an end to his criminal conduct.  He would like to explore becoming a CDL driver as he believes that type of work will NOT trigger his mental health issues and it is would substantially eliminate or reduce any significant manual physical labor.  Alternatively, he is interested in exploring a trade.  As to the specific trade is unsure and would like to experiment to see whether there is one in particular that stirs a passion or interest.

A low-end guideline sentence would accomplish the sentencing objectives.  It would punish Mr. Colon, reflect the serious of his offense as well as provide sufficient deterrence to not only Mr. Colon but the community at large.  Further it will protect the public from future crimes.

### 4. *The Defendant should not have an enhancement for an aggravating role under USSG §3B1.1 as he was not a manager.*

The U.S.S.G. provides an enhancement for a defendant being a manager or supervisor (+3 levels).  While counsel recognizes Mr. Colon sold drugs he would submit, he was not a manager or organizer. Mr. Colon believed the people he sold drugs to were end-users.  Other co-defendants may have been at his house when they sold drugs but he did not control their activities or sales (R. 412, ¶35).  In one instance a co-defendant sold drugs to a confidential source in the presence of Mr. Colon, however, there was never a claim Mr. Colon was involved in directing the co-defendant (R. 412, ¶35, 38).

Further, it is undisputed Mr. Colon sold drugs to D.O. (R. 412, ¶32-33).  However, when D.O. was stopped by the police he said he had purchased from Mr. Colon, not that Mr. Colon gave him or sold him drugs to re-sell.  D.O. was an end user.  Contrary to the government's belief, Mr. Colon did not have a stable of underlings he was managing.  Rather, Mr. Colon was selling to individuals on his own and for the most part they were smaller quantities which are consistent with end-users.

In one instance an individual sought to purchase "a eight" [sic] (an eight ball or 3.5 grams) of cocaine for $125.00 from Mr. Colon (R. 412, ¶37).  An eight ball is personal use quantity not really a re-distribution quantity (while it is possible to add additional "cut" to the few grams to enlarge the quantity that is unlikely as it the substance become too dilute).  Other instances confirm Mr. Colon was primarily selling drugs to end users and not supervising or managing anyone else

6

in their sales or conduct.

In order for this enhancement under USSG §3B1.1 to apply Mr. Colon must have managed or supervised one or more other participants within the criminal scheme. Unites States v. Kamper, 748 F.3d 728 (6th Cir. 2014).  It is necessary to demonstrate decision making authority over other participants.  A buyer-seller relationship does not justify the enhancement even if one of them fronts the drugs to the other.  United States v. Ward, 37 F3d 243 (6th Cir. 1994).  Counsel would submit Mr. Colon should have zero (+0) points added to his offense level score as he was a dealer and not an organizer, manager or leader.

Even if this Honorable Court believes Mr. Colon was more than a dealer USSG §3B1.1 provides a range of adjustments to the offense level based on the size of the organization and the degree to which the defendant was involved.  Thus, if this Honorable Court determines Mr. Colon was involved in some minimal level of supervision or management it could apply a two (2) level enhancement instead of the three (3) levels suggested by probation.

### 5. Conclusion

It is important recognize the purposes and principle of sentencing are justice, incapacitation, deterrence and rehabilitation.  Mr. Colon would suggest a sentence at the very low end of the guidelines in this matter.  He does not dispute he was a drug dealer.  He is merely

asking to be punished for what he did and not for anything more.  A guideline sentence would be sufficient and not greater than necessary to accomplish the goals of 18 U.S.C. §3553.

Respectfully submitted,

 /s/ Timothy J. Kucharski
Timothy J. Kucharski [0062226]
1200 W. 3rd Street
Suite #190
Cleveland, Ohio 44113
Ph. 216.623.6600 / 216.857.3001
Fax 216.574.9813
TimKuch@aol.com
Attorney for Juan Johnny Colon